# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-22677-Civ-COOKE/TORRES

SALVADOR VAZQUEZ,

      Plaintiff,

vs.

1052 LLC d/b/a AMARILLO d/b/a
PAPAGAYO, ANTHONY ARRIGHI,
individually, and KATHERINE ARRIGHI,
individually,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

THIS CASE is before me on the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case With Prejudice (ECF No. 32) ("Joint Motion"). The parties separately provided the Court with a copy of their executed Settlement Agreement and General Release ("Settlement Agreement") for an *in camera* review. In their Joint Motion, parties indicate that they have reached a resolution of this matter and that the Settlement Agreement constitutes "a fair and reasonable resolution of Plaintiffs' claims." Joint Mot. 1. After reviewing the parties' Joint Motion and their Settlement Agreement, I entered an Order Requiring Documentation Supporting Allocation of Attorney's Fees and Costs (ECF No. 34) to assist in my evaluation of the reasonableness of the attorney's fees sought. Plaintiff's counsel submitted to the Court documentation regarding the attorney's fees and costs allocated in the parties' Settlement Agreement (ECF No. 30). After reviewing the Joint Motion, Settlement Agreement, supporting documentation submitted by Plaintiff's counsel, and being otherwise duly advised on the premises, the parties' Joint Motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff brought this action under the Fair Labor Standards Act ("FLSA") alleging that Defendants failed to pay him overtime wages for the time he worked in excess of forty hours per week. Compl., ECF No. 1. The parties subsequently settled this matter and

submitted their Settlement Agreement to the Court for approval.  Joint Mot., ECF No. 32. The parties have advised the Court that Defendants have agreed to pay Plaintiff a confidential amount to settle his FLSA claim.[1]  Additionally, the Settlement Agreement provides for a payment of $7,700.00 to Plaintiff's counsel, Zandro E. Palma, P.A.

## II. DISCUSSION

It is well settled that in FLSA cases, unless the employer "offers the plaintiff full compensation of his FLSA claim [and] no compromise is involved," the employer and employee must present the proposed settlement to the Court for approval.  *Su v. Electronic Arts, Inc.*, 2006 WL 4792780, *3 (M.D. Fla. Aug. 29, 2006) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)).  Before approving the settlement, the Court "must scrutinize [it] to determine whether it is a fair and reasonable resolution of a bona fide dispute."  *Silva v. Ole' Ole', LLC*, 2006 WL 3391277, *1 (M.D. Fla. Nov. 22, 2006).

Here, I am satisfied that the settlement agreement is a "fair and reasonable" resolution of a bona fide dispute over Plaintiff's FLSA claims pursuant to *Lynn's Food Stores*, 679 F.2d at 1354-55.  However, courts must also assess the reasonableness of any attorney's fees included in an FLSA settlement.  *See Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259, 1262 (M.D. Fla. 2008) ("the intent to ensure a reasonable attorney's fee and just compensation to Plaintiff is embodied in *Lynn's Food Stores*, 679 F.2d at 1352-53, and is stated in the FLSA itself … [where] there is a settlement amount of which Plaintiffs will take what is not given to the attorneys, the need to protect Plaintiffs' recovery also includes the need to ensure attorney's fees are reasonable.").

In assessing the reasonableness of attorney's fees to be awarded following an FLSA settlement, courts use the lodestar method.  *See Prater v. Commerce Equities Management Co., Inc.*, 2008 WL 5140045, *3 (S.D. Tex. Dec. 8, 2008) (citing *Strong v. Bellsouth Telecomm., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998)).  Thus, Plaintiff's counsel must provide the court with documentation showing the number of hours expended, as well as support for the claimed hourly rate.  *See American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate") (citing *Blum v. Stenson*, 465 U.S.

---

[1] Since the parties submitted their fully executed Settlement Agreement to the Court for an *in camera* inspection, I will maintain the agreement's confidentiality and refrain from disclosing the exact settlement amount.

886 (1994)).   A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."   *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).

Here, Plaintiff's counsel seeks a total of $7,700.00 in attorney's fees and costs.   In response to my Order Requiring Documentation Supporting Allocation of Attorney's Fees and Costs, Plaintiff's counsel submitted a billing invoice detailing the hours its attorneys and legal support staff expended on this case.   That billing invoice indicates that Plaintiff's counsel spent a total of 24.95 hours on this case, accruing fees of $7,647.00.   Plaintiff's counsel also submitted documentation of fees paid in this case, which total $750.00 for court filing, copying, and process server fees.   After reviewing Plaintiff's counsel's billing invoice, the parties' Settlement Agreement is approved, but with an amendment to Plaintiff's counsel's award of attorney's fees and costs.   *See Blum v. Stenson*, 465 U.S. 886, 897 (1984) ("[A] reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys) (ellipses, brackets, and internal quotation marks omitted).

Having determined that Plaintiff's counsel's award of attorney's fees and costs must be reduced from the amount sought in the Settlement Agreement, I now turn to an analysis of the reasonableness of the number of hours expended as well as of the claimed hourly rate delineated in Plaintiff's counsel's billing invoice.   Determining a reasonable fee under the FLSA is left to the sound discretion of the district judge, to and including the exclusion of excessive or unnecessary work.   *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985).   A district court's "decision regarding the appropriate hourly rate may be made either by analyzing the affidavits submitted by counsel or, if this documentation is insufficient, by relying upon the court's expertise."   *Avirgan v. Hull*, 705 F. Supp. 1544, 1549 (S.D. Fla. 1989) (citing *Norman*, 836 F.2d at 1303).   "The court is deemed an expert on the issue of hourly rate and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."   *Tyler v. Westway Automotive Service Ctr., Inc.*, 2005 WL 6148128, at *2 (S.D. Fla. Mar. 10, 2005) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

3

Plaintiff's counsel's billing invoice indicates that work on this case was performed by three individuals: Zandro Palma, Sabrina Velez, and Jaime Palma, Jr.  Mr. Palma billed Plaintiff at a rate that varied between $150.00 per hour to $350.00 per hour.  Ms. Velez billed at an hourly rate of $200.00 while Mr. Palma, Jr. billed at an hourly rate of $250.00. While Plaintiff's counsel failed to include any affidavits attesting to the experience of the attorneys involved in this case in the field or the reasonableness of the rates sought, I nonetheless find, based on my familiarity with rates charged by lawyers in the Southern District of Florida, that Plaintiff's counsel's hourly rates are reasonable.

I next consider the number of hours reasonably expended on the litigation of Plaintiff's claims.  In this regard, fee applicants must "exercise billing judgment."  *Norman*, 836 F. 2d at 1301 (internal quotation marks omitted).  A party may not recover fees for "excessive, redundant, or otherwise unnecessary" hours.  *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see Norman*, 836 F.2d at 1301.  When more than one attorney represents a party, a court must deduct from the fee award any "redundant hours."  *Norman*, 836 F.2d at 1301-02; *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974) ("The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted.").[2]

Plaintiff's counsel Zandro E. Palma is not new to litigation here in the Southern District of Florida.  A quick search reveals that he has served as counsel in well over three hundred cases, most of them involving the FLSA.  In this matter, his law firm, Zandro E. Palma, P.A. requests fees based upon a total of 24.95 billable hours.  In support of this request, Plaintiff's counsel submitted a billing invoice with billing rates, hours billed, and short summaries of the work accomplished during those hours.  After reviewing Plaintiff's counsel's billing invoice, I find that the amount of hours billed in this matter are not reasonable because Plaintiff's counsel billed for redundant and excessive hours.  Given his vast experience in litigating FLSA matters, Mr. Palma spent an unreasonable amount of time on many rote tasks, such as drafting a one-count complaint and reviewing docket entries.   In this case, the complaint is largely formulaic and alleges only one count. Additionally, the documents Mr. Palma spent time reviewing were mostly form orders, routinely entered whenever a new case is filed.  Mr. Palma has presumably seen these orders

---

[2] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

many times before, and therefore does not require more than a few minutes to review their contents.  Finally, his firm double billed for much of the rote work done.  Therefore, I will eliminate all redundant and excessive hours, keeping in mind that "the measure of reasonable hours is determined by the professional's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306.  I also note that my task was made all the more difficult because of Plaintiff's counsel's vague and ambiguous descriptions of the work done.

With these considerations in mind, Plaintiff's counsel's fee request is reduced as follows:

| Time Entry Numbers: | Task: | Hours Requested: | Hours Awarded: |
| --- | --- | --- | --- |
| 1 | Review documents, draft complaint, review document, finalize and efile. | 3.5 | 2.0 |
| 3 | Review DE 3 | 0.30 | 0.10 |
| 4 | Review DE 4 | 0.20 | 0.10 |
| 5 | Review DE 5 | 0.25 | 0.10 |
| 6 and 7 | Review DE 6<br><br>Review DE 6 and calendar | 0.30<br><br>0.45 | 0.45 for work done by Ms. Velez |
| 8 | Review DE 7 | 0.25 | 0.10 |
| 9 and 10 | Review DE 8<br><br>Review DE 8 and calendar | 0.25<br><br>0.30 | 0.30 for work done by Ms. Velez |
| 14 | Review DE 9 and 10 | 0.30 | 0 (duplicative of work performed by Sabrina Velez) |
| 15 | Review DE 11 | 0.20 | 0.10 |
| 21 and 22 | Review and analyze defendant answer and affirmative defenses. Review Plaintiff's file.<br><br>Review DE 14 and calendar response due date | 1.20<br><br>0.20 | 1.20 for work done by Mr. Palma |
| 23 and 24 | Review DE 15 | 0.46 | 1.20 for work done by Ms. Velez |

| | | | |
|---|---|---|---|
| | Review Order DE 15 and calendar | 1.20 | |
| 25 and 26 | Review Order DE 16 and calendar | 0.40 | 0.40 for work done by Ms. Velez |
| | Review DE 16 | 0.30 | |
| 28 | Review DE 18 | 0.20 | 0.10 |
| 37 | Review DE 20 | 0.17 | 0.10 |
| 51 and 52 | Review email from OC re: discovery responses-requesting extension review calendar. | 0.15 | 0.15 for work done by Mr. Palma |
| | Review email from OC – extension and reply | 0.10 | |

This task-by-task review reduces Plaintiff's counsel's fee request by $1,458.00. As such, Plaintiff's counsel's attorney's fees award is reduced accordingly to $6,242.00, which includes the $750.00 expended in fees.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1.    The parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case With Prejudice (ECF No. 32) is **GRANTED** *in part* **and DENIED** *in part*. The parties' Settlement Agreement and General Release is **APPROVED**, with the exception of its allotment of attorney's fees and costs. Plaintiff's counsel, Zandro E. Palma, P.A. shall recover a total of **6,242.00** in attorney's fees and costs instead of the $7,700.00 denoted in the parties' Settlement Agreement.

2.    This case is **DISMISSED** *with prejudice*.

3.    The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 11th day of February 2016.

*Marcia G. Cooke*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*